Ernest W. "Will" Klatte, III (State Bar No. 115914)
ewklatte@kbylaw.com
Ana Thomas (State Bar No. 251578)
athomas@kbylaw.com
Klatte, Budensiek & Young-Agriesti, LLP
100 Bayview Circle, Suite 4500
Newport Beach, California 92660-8912
Telephone:  949-221-8700
Facsimile:   949-222-1044

Attorneys for Defendants
Four-Sher Investments, LLC and Heartland
Automotive Services II, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>    v.<br><br>FOUR-SHER INVESTMENTS, LLC, a California Limited Liability Company; HEARTLAND AUTOMOTIVE SERVICES II, INC., a Delaware Corporation; and Does 1-10,<br><br>    Defendants. | CASE NO.: 3:18-CV-0754-BEN-KSC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Date Action Filed:   April 19, 2018<br>Trial Date:               None Set |

NOW COME defendants Heartland Automotive Services II, Inc. and Four-Sher Investments, LLC (collectively "Defendants") and answer the Complaint ("Complaint") of plaintiff Chris Langer ("Plaintiff") for themselves and no others as follows:

**PARTIES:**

1. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and based on such lack of information or belief, Defendants deny the allegations contained therein.

2. Four-Sher admits that it owned the real property located at 3775 Rosecrans Street, San Diego, California in August of 2017.

3. Four-Sher admits that it currently owns the real property located at 3775 Rosecrans Street, San Diego, California.

4. Heartland admits that it operated the Jiffy Lube located at 3775 Rosecrans Street, San Diego, California in August of 2017. Heartland denies both generally and specifically all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

5. Heartland admits that it currently operates the Jiffy Lube located at 3775 Rosecrans Street, San Diego, California. Heartland denies both generally and specifically all remaining allegations contained in Paragraph 5 of Plaintiff's Complaint. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

/ / /

/ / /

/ / /

6. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and based on such lack of information or belief, Defendants deny the allegations contained therein.

**JURISDICTION & VENUE:**

7. Defendants admits that pursuant to 28 U.S.C. Section 1331, this Court has jurisdiction for claims arising under the Americans with Disabilities Act.

8. Defendants admits that the United States District Court may exercise supplemental jurisdiction over state claims.

9. Defendants admit that venue in the Judicial District of the United States District Court for the Southern District of California is proper.

**FACTUAL ALLEGATIONS:**

10. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

11. Paragraph 11 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

12. Heartland admits that the Jiffy Lube located at 3775 Rosecrans Street, San Diego, California has parking spaces available to patrons of this Jiffy Lube. Excepting the legal argument, assertions and/or conclusions of law to which Heartland is not required to respond, Heartland denies both generally and specifically the remaining allegations contained in Paragraph 12 of the Complaint. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

/ / /

/ / /

13. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

14. Defendants deny both generally and specifically the allegations contained in Paragraph 14 of the Complaint.

15. Heartland lacks sufficient information or belief as to whether Plaintiff visited the Jiffy Lube located at 3775 Rosecrans Street, San Diego, California. Heartland admits the remainder of the allegations in paragraph 15 were true on the date the Complaint was filed. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

16. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

17. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

18. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

19. Heartland admits that there have been outdoor dining tables at the Jiffy Lube located at 3775 Rosecrans Street, San Diego, California. Excepting the legal argument, assertions and/or conclusions of law to which Heartland is not required to respond, Heartland denies both generally and specifically the remaining allegations contained in Paragraph 19 of the Complaint. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

20. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

21. Defendants deny both generally and specifically the allegations contained in Paragraph 21 of the Complaint.

22. Heartland admits that there are cashier tables at the Jiffy Lube located at 3775 Rosecrans Street, San Diego, California. Excepting the legal argument, assertions and/or conclusions of law to which Heartland is not required to respond, Heartland denies both generally and specifically the remaining allegations contained in Paragraph 22 of the Complaint. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

23. Heartland admits the allegations contained in Paragraph 23 of the Complaint were true on the date the Complaint was filed. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

24. Heartland admits the allegations contained in Paragraph 24 of the Complaint were true on the date the Complaint was filed. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

25. Defendants deny both generally and specifically the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny both generally and specifically the allegations contained in Paragraph 26 of the Complaint.

///

27. Heartland admits that restrooms are available to patrons at the Jiffy Lube located at 3775 Rosecrans Street, San Diego, California. Excepting the legal argument, assertions and/or conclusions of law to which Heartland is not required to respond, Heartland denies both generally and specifically the remaining allegations contained in Paragraph 27 of the Complaint. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

28. Defendants deny both generally and specifically the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny both generally and specifically the allegations contained in Paragraph 29 of the Complaint.

30. Heartland admits the allegations contained in Paragraph 30 of the Complaint were true on the date the Complaint was filed. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

31. Paragraph 31 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

32. Heartland admits the allegations contained in Paragraph 32 of the Complaint were true on the date the Complaint was filed. Four-Sher lacks sufficient information or belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and based on such lack of information, Four-Sher denies the allegations contained therein.

33. Defendants deny both generally and specifically the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny both generally and specifically the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny both generally and specifically the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny both generally and specifically the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

38. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

39. Paragraph 39 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

40. Paragraph 40 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

41. Paragraph 41 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

42. Paragraph 42 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

43. Paragraph 43 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

44. Paragraph 44 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

45. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

46. Paragraph 46 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

47. Paragraph 47 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990:**

48. In answering this Paragraph 48, Defendants incorporate herein by reference the admissions, denials, and allegations contained in Paragraphs 1 through 47 of this Answer as though set forth here in full.

49. Paragraph 49 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

50. Paragraph 50 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

51. Paragraph 51 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

52. Paragraph 52 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

53. Paragraph 53 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

54. Paragraph 54 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

55. Defendants deny both generally and specifically the allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

57. Paragraph 57 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

58. Paragraph 58 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

59. Paragraph 59 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

/ / /

60. Paragraph 60 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

61. Paragraph 61 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

62. Paragraph 62 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

63. Paragraph 63 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

64. Paragraph 64 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

65. Paragraph 65 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

66. Paragraph 66 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

67. Excepting the legal argument, assertions and/or conclusions of law, to which Defendants are not required to respond, Defendants deny both generally and specifically the remaining allegations contained in Paragraph 67 of the Complaint.

68. Defendants lack sufficient information or belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and based on such lack of information, Defendants deny the allegations contained therein.

**SECOND CLAIM FOR RELIEF:  VIOLATION OF THE UNRUH CIVIL RIGHTS ACT:**

69. In answering this Paragraph 69, Defendants incorporate herein by reference the admissions, denials, and allegations contained in Paragraphs 1 through 68 of this Answer as though set forth here in full.  Excepting the legal argument, assertions and/or conclusions of law, to which Defendants are not required to respond, Defendants deny both generally and specifically the remaining allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains only legal argument, assertions and/or conclusions of law to which Defendants are not required to respond.

71. Excepting the legal argument, assertions and/or conclusions of law, to which Defendants are not required to respond, Defendants deny both generally and specifically the remaining allegations contained in Paragraph 71 of the Complaint.

72. Excepting the legal argument, assertions and/or conclusions of law, to which Defendants are not required to respond, Defendants deny both generally and specifically the remaining allegations contained in Paragraph 72 of the Complaint.

73. Excepting the legal argument, assertions and/or conclusions of law, to which Defendants are not required to respond, Defendants deny both generally and specifically the remaining allegations contained in Paragraph 73 of the Complaint.

**PRAYER:**

Excepting the legal argument, assertions and/or conclusions of law, to which Defendants are not required to respond, Defendants deny both generally and specifically the remaining allegations contained in paragraphs 1-3 of the Prayer of the Complaint.

### AFFIRMATIVE DEFENSES

Defendants deny, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any act of omission by Defendants. Defendants also allege the following separate and affirmative defense, without conceding that it bears the burden of proof or persuasion as to any of them.

#### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim For Relief)

Plaintiff's Complaint, and each purported claim for relief alleged therein, fails to state a claim against Defendants upon which relief can be granted.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE
## (Laches)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
## (Unclean Hands)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
## (Readily Achievable)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Defendants have made and continue to make appropriate accessibility changes to the extent that such changes are readily achievable. To the extent that the Defendants have not made changes that Plaintiff contends should have been made, those changes are not required under applicable law and are not readily achievable.

## FIFTH AFFIRMATIVE DEFENSE
## (Undue Burden)

Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because, to the extent that alterations have not been made that Plaintiff contends should have been made, those changes were not required under applicable law, and any requirement to make those changes would impose an undue burden.

## SIXTH AFFIRMATIVE DEFENSE
## (No Discrimination)

Defendants allege that all persons, regardless of sex, race, color, religion, ancestry, national origin, disability, or medical condition are permitted full and equal access to its property. In addition, Defendants, in its policies, practices and procedures, do not discriminate against persons based on their sex, race, color,

religion, ancestry, national origin, disability, or medical condition.

### SEVENTH AFFIRMATIVE DEFENSE
(Good Faith Barrier Removal)

Defendants have fulfilled their legal obligations by making and continuing to make good faith efforts to engage in readily achievable barrier removal and to make the property useable by and accessible to persons with disabilities. Further, to the extent Defendants were unable to remove a barrier from the property because it was not readily achievable to do so, Defendants have provided persons with disabilities with access to the public elements within the property through alternative methods. Accordingly, Plaintiff's Complaint, and each claim for relief alleged therein, is barred.

### EIGHTH AFFIRMATIVE DEFENSE
(Adequate Legal Remedy)

Plaintiff is not entitled to any injunctive or equitable relief because he has adequate legal remedies.

### NINTH AFFIRMATIVE DEFENSE
(No Irreparable Harm)

Plaintiff is not entitled to any injunctive or equitable relief because he has not suffered, and will not suffer, any irreparable harm or injury.

### TENTH AFFIRMATIVE DEFENSE
(Standing)

Plaintiff lacks standing to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray:

1. That Plaintiff take nothing from Defendants;
2. That the Court enter judgment dismissing with prejudice the Complaint and each of its purported claims for relief;

1      3.    That the Court award Defendants its reasonable expenses and costs of suit, including, but not limited to, reasonable attorneys' fees; and

    4.    That the Court grant Defendants such other further relief as the Court may deem proper.

Dated: July 9, 2018

Klatte, Budensiek & Young-Agriesti, LLP

By: *[signature]*
Ana Thomas
Attorneys for Defendants
Four-Sher Investments, LLC and
Heartland Automotive Services II, Inc.

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 100 Bayview Circle, Suite 4500, Newport Beach, California 92660-8912, in said County and State.  On June 20, 2018, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

**on the following parties**:

| | |
|---|---|
| Chris Carson, Esq. | Attorneys for Plaintiff, Chris Langer |
| Phyl Grace | |
| Potter Handy | Telephone: (858) 375-7385 |
| 9845 Erma Rd., Ste. 300 | Email: chrisc@potterhandy.com; |
| San Diego, CA  92131 | phylg@potterhandy.com; |

**by** the following means of service:

☐ **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE**: I emailed a true copy of this document to a messenger with instructions to personally deliver it to each person[s] named at the address[es] shown before 5:00 p.m. on the above-mentioned date.

☐ **BY OVERNIGHT SERVICE:** On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by Federal Express or delivered same to an authorized courier or driver authorized by Federal Express to receive documents.

☒ I certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Service list (if any).

☐ **BY ELECTRONIC SERVICE:** On the above-mentioned date, I caused each such document to be transmitted by electronically mailing a true and correct copy through Klatte, Budensiek & Young-Agriesti, LLP's electronic mail system to the e-mail address(es) set forth above.

☒ **(FEDERAL)**  I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 9, 2018.

_Michelle Perciavalle_
Michelle Perciavalle